```
                    FILED
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF ALABAMA   02 JUN 28 PM 3:56
            SOUTHERN DIVISION
                                          U.S. DISTRICT COURT
                                          N.D. OF ALABAMA
```

RANDALL ALAN POTEETE, et al.,  }
                               }
     Plaintiffs,               }
                               }   CIVIL ACTION NO.
v.                             }
                               }   01-AR-0540-S            ENTERED
ALLSTATE LIFE INSURANCE CO.,   }
                               }                           JUN 28 2002
     Defendant.                }

## MEMORANDUM OPINION

Apologizing to the parties for the delay in getting around to the motion for summary judgment filed on December 28, 2001, by defendant, Allstate Life Insurance Co., and acknowledging that the court should have examined its own subject matter jurisdiction long before now, as it usually does, the court now discerns that it lacks subject matter jurisdiction. Properly deeming plaintiffs' brief filed in opposition to defendant's motion for summary judgment as a motion to remand, plaintiffs' motion will be granted. Plaintiffs clearly challenged this court's jurisdiction invoked by defendant under 28 U.S.C. § 1332. Not that it constitutes an excuse for this court's dilatoriness, but if plaintiffs had filed a separate paper entitled "Motion to Remand", the court might have examined its own jurisdiction earlier and might not have dilidallied unnecessarily over defendant's Rule 56 motion.

The original complaint, as filed in the Circuit Court of Jefferson County, Alabama, sought simply to recover on a policy of accidental death insurance written by defendant. The only prayer



for relief in the complaint was for "judgment for the amount of accidental death benefits due by reason of defendant's policy of insurance on the life of Leo Wayne Poteete, plus interest, attorneys' fees and cost." The only mention of an amount of money in the entire complaint is found in paragraph 4, where plaintiffs aver that "Leo Wayne Poteete purchased an accidental death insurance policy (Certificate No. 0581196488588; Account No. 05003200) on his life... in the amount of $100,000." Plaintiffs did not expressly seek $100,000 from defendant, or any specific amount of *ad damnum*. Rather, plaintiff sought only the "amount of accidental death benefits due," whatever that amount under defendant's insurance policy may turn out to be. The fact that an "amount" of $100,000 might be recoverable under circumstances that are clearly not applicable here, does not inalterably establish the amount in controversy. In fact, the maximum recovery under the terms of this particular policy under the circumstances surrounding this death, as construed most favorably to the plaintiffs, is $40,000 and not $100,000. If reasonable attorneys fees (that, incidentally, are **not** recoverable) and interest are added, the amount in controversy still does not reach $75,000.

Defendant argues that plaintiffs, by virtue of a purported drafting error by plaintiffs' counsel, are stuck with $100,000 as the amount in controversy. Defendant cites *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F. 3d 1287 (11th Cir. 2000),

in support of this proposition. Defendant misreads or misapplies *Poore*, which holds that an express post-removal reduction to less than $75,000 of the amount claimed by a plaintiff in a diversity case does not destroy the removal jurisdiction provided by 28 U.S.C. § 1332, that is, if the requisite amount in controversy existed before the removal. However, in *Poore* not only was there no patent error in the complaint respecting the amount claimed, as there arguably is here, but the amount of defendant's exposure in *Poore*, based on a fair reading of the state court complaint in that case, clearly exceeded $75,000. Not true here. Furthermore, *Poore* involved an actual, consciously filed post-removal **amendment** to the complaint. That amendment admittedly was filed for the purpose of wiping out the federal court's jurisdiction. In the instant case, plaintiffs have not only **not** amended their complaint, but have not even sought to amend it. They concede only the obvious, namely, that the parties on both sides of the controversy either knew or should have known when the original complaint was filed that the amount in dispute is less than $75,000. This court does not see how defendant, Allstate, with its high degree of sophistication in matters of insurance coverage, could possibly have been misled or have considered plaintiffs to be seriously seeking more than $75,000. Defendant was apparently knee-jerkingly eager to seize upon what might be charitably described as an "ambiguity" in the complaint, "charitable", that is, as the court judges the act of

defendant in removing the case. An ambiguity in the amount claimed, in contrast to a clearly articulated claim for damages in excess of $75,000, can be resolved by a plaintiff's post-removal clarification without a violation of the lesson in *Poore*.

The apposite precedent for this case is not *Poore* but *Arnold v. Guideone Specialty Mut. Ins. Co.*, 142 F. Supp. 2d 1319 (N.D. Ala. 2001), wherein this court, relying on the principle that the burden of proof is on the removing defendant to prove all elements of original federal court jurisdiction, held that a simple allegation in a notice of removal that a plaintiff seems to be expecting to recover more than $75,000 does not eliminate the removing defendant's obligation to prove the requisite amount in controversy, an essential element of jurisdiction, nor does it prevent an independent inquiry by the federal court into the amount in controversy when the removal is based on diversity.

Here, a casual glance at the insurance policy itself, and a passing familiarity with the facts surrounding the death of the insured, reveal that defendant either knew, or should have known, what plaintiffs knew, or should have known, namely, that defendant's maximum exposure is $40,000, a fact that is not necessarily inconsistent with the wording of the complaint itself. Under the circumstances, it is no wonder that in defendant's notice of removal it neither admitted nor averred that the "potential amount of the coverage is $100,000." Instead, defendant carefully

4

relied on its mere conclusory allegation that "[a]s a result [of plaintiffs' erroneous reference to $100,000 as the 'amount' of the policy] the requisite amount in controversy of $75,000.00 is clearly satisfied." This court respectfully disagrees with defendant's conclusory allegation and, to the contrary, finds that a $75,000 amount in controversy is **not** clearly satisfied. A plaintiff's blindly "shooting for the moon", even though that plaintiff might be violating the state equivalent of this court's Rule 11, does not automatically open the door to removal by creating a legitimate amount in controversy of more than $75,000. This is what this court held in *Guideone*, and this court has not changed its mind. It only wishes that it had examined its jurisdiction sooner, so that the Circuit Court of Jefferson County, Alabama could now be looking at defendant's Rule 56 motion, which will be carried with the remand.

A separate order of remand will be entered.

DONE this 28th day of June, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE